# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA <br> *ex rel.* ALVIN GALUTEN, <br><br> Relator/Plaintiff, <br><br> v. <br><br> UNIVERSITY OF <br> MISSOURI-COLUMBIA, *et al.*, <br><br> Defendants. | Civil No. 2:11-cv-04140-FJG |

## RELATOR'S STATUS REPORT

This is Relator's status report pursuant to the Court's order of September 19, 2017. *See* ECF No. 73.

Prior to today, Relator's status report was intended to be brief. However, earlier today, Defendants Rall and Richards filed a status report that repeatedly accuses Relator and/or his counsel of behaving unreasonably, and in so doing, unnecessarily delaying these proceedings to the detriment of all involved. ECF No. 75. The undisputed facts cited below demonstrate these allegations to be false.

## Background

Relator filed the instant case on May 24, 2011. ECF No. 1. After more than four years, on October 5, 2015, the United States filed a notice partially intervening in the case for the purpose of settlement. ECF No. 28. On December 8, 2015, the United States filed a motion seeking a hearing to approve settlements with Defendants Rall and Richards ("Defendants"). ECF No. 33.

Relator, concerned about the nature of the government's investigation into the ability of Defendants Rall and Richards to pay for their actions, sought to alleviate these concerns by raising them to both the government and with Defendants. Relator asked the government and/or Defendants

4

to provide certain financial documentation. Defendants conditionally offered to provide six months of bank statements. The condition was that "Relator will not present any objections to the settlement to the Court involving any information in the bank statements." *Email to Relator's Counsel from Defendant Rall's Counsel*, August 25, 2015.

Relator responded that he did not agree, because the "point of the [financial records] investigation is to prevent an inappropriate settlement from going forward. If [] Relator finds a demonstrably suspicious series of transactions which show/prove/identify a pattern of funds being moved to an unidentified location," Relator wished to "retain the right to object to the settlement." *Email From Relator's Counsel to Defendant Rall's Counsel*, August 25, 2015.

Thus, Relator reasoned that receiving records but being unable to share them with this Court made no sense, since the whole point of obtaining the records was to use them if they showed financial irregularities.

Ultimately, Defendants did not provide the additional records to Relator, and the United States filed a motion to approve the settlements on December 8, 2015. ECF No. 33. Relator and his counsel, unequipped with sufficient information to properly evaluate the settlement, filed an opposition to the motion to approve the settlements. ECF No. 36. The opposition pointed out, *inter alia*, that the government's auditor failed to obtain copies of Defendants' financial records during the periods which immediately preceded and followed the public disclosure of the alleged fraud. *Id*. at 4.

Given that the proposed settlements of $1.5 million (with Defendant Rall) and $375,000 (with Defendant Richards) were less than the single damages calculated by the University and the government, Relator's opposition sought an inquiry into the government's audit process. *Id*. at 2, 4. Relator's position was backed by former Department of Justice "ability to pay" auditor/expert Eileen

5

Leslie, who was retained for the purpose of evaluating the proposed settlements. Ms. Leslie concluded, *inter alia,* that it was "patently unreasonable [for the government] to rely on such limited financial records in making a determination of Defendants' ability to pay." *Id*. at 7.

Consequently, on January 26, 2016, the Court ordered the government to turn over to the Court, *in camera*, the content of its ability to pay audit, including the underlying documents which the government had refused to provide to Relator. ECF No. 39, at 1-2. On February 4, 2016, the government complied. ECF No. 40.

At that point, the Court was in possession of considerably more information regarding the proposed settlements than Relator. Specifically, Relator only had the documents Defendants had provided to the government; Relator did not have the government's file, or its auditor's analysis.

Even with the government's internal file in hand, the Court felt the need for further information in the form of the very bank records Relator was seeking, i.e., the records which immediately pre-dated and post-dated the public disclosure of Defendants' fraud. Specifically, the Court reasoned that:

> After *in camera* review of the documents provided by the United States (See Doc. No. 40), the Court finds that it still needs more information before scheduling a hearing. Specifically, the Court notes that the bank records provided to the government by Dr. Kenneth L. Rall and Dr. Michael Richards were limited to just a few months in 2013, well after Drs. Rall and Richards became aware of the government's investigation in this matter. Before setting a hearing on this matter, the Court **ORDERS** defendants Rall and Richards to submit to the Court for *in camera* review **six months** of bank statements and other financial records1, from **April 1, 2012, through October 1, 2012**, which should account for a period of time both pre-dating and post-dating defendants' knowledge of the investigation.

ECF No. 41, at page 1 (emphasis in original). Ultimately, but only after reviewing both the government's file and the additional bank records provided by Defendants, the Court denied Relator's objection to the settlements.[1]

---

[1] It is worth noting in this regard that Relator would likely have reached the same conclusion as the Court regarding the settlements had Relator been provided with the same information provided to the

6

Thus understood, it was Defendants' refusal to provide Relator with the documents necessary to evaluate the settlement which caused Relator to object to the settlements and retain an expert in an effort to persuade the Court that the inquiry was reasonable. It was also Defendants' refusal to provide the records which led the Court to get involved in a dispute which should not have involved the Court in the first place.

In any event, the Court's ruling narrowed the issues to (1) the government's duty to pay an appropriate share of the settlements to Relator pursuant to 31 U.S.C. 3730(d)(1), and (2) Defendants' obligation to pay Relator's attorney's fees under 31 U.S.C. 3730(d)(1).

The Court set a settlement approval hearing for May 10, 2017. ECF No. 65. Meanwhile, Relator and United States negotiated the Relator's share of the settlements as per section 3730(d)(1). Those negotiations were successfully concluded on May 9, 2017. That same day, Relator filed a notice advising the Court that the Relator's share issue between the Relator and the United States was settled, and that the only issue remaining involved Relator's claim against Defendants Rall and Richards for attorney's fees. ECF No. 69, at 1.

Defendants' filing earlier today paints Relator's actions as being frivolous. Specifically, in an apparent effort to disparage Relator's efforts to conduct his due diligence regarding the proposed settlements, Defendants stated that "[t]he day before the settlement approval hearing, Relator abandoned his objections to the proposed settlement and accepted the terms originally proposed in May of 2015." ECF No. 75, at 2. Relator did no such thing. The reason Relator notified the Court that the hearing wasn't necessary was because the issue to be addressed at the hearing – namely, the Relator's share of the proceeds – had been resolved by Relator and the government earlier that day.

---

Court, i.e., if Defendants had voluntarily provided to Relator additional documentation which did not show evidence of fraudulent asset transfers, Relator's objection to the settlements would have almost certainly been withdrawn.

Turning back to the chronology, once the hearing was cancelled, the only issue left to be decided was attorney's fees. Accordingly, on May 18, 2017, Relator made a demand to Defendants for fees pursuant to 31 U.S.C. 3730(d)(1). Defendants and Relator negotiated the amount of the fees during the months of June and July. Unfortunately, the parties reached an impasse in late July for the reasons outlined in more detail below.

**<u>Status of the Government's Pending Motion to Approve the Settlements</u>**

Defendants' filing earlier today contains the following inflammatory language:

> Despite having reached a settlement agreement with the government over two years ago, Defendants have been held hostage in this protracted litigation by Relator's refusal to be reasonable. Relator made baseless objections to the settlement agreements Defendants reached with the Government, then, eighteen months later, withdrew those objections on the eve of the settlement approval hearing, accepting the agreement as originally proposed.

ECF No. 75, at 3. Relator respectfully suggests that Defendants' position is an affront to the Court. The Court itself, after considering Relator's concerns regarding the settlements, determined that a review of the government's investigation of Defendants' ability to pay, and a review of the bank records which pre- and post-dated the public disclosure of their fraud, were necessary steps to properly evaluate the proposed deals. Thus, the Court ordered Defendants to produce documents Defendants could have but did not share with Relator. To now claim that Relator's concerns were "baseless" – even though the Court effectively agreed that the issues raised by Relator justified an *in camera* review – is simply untrue. The truth is, Relator's concerns made perfect sense, and therefore the Court demanded that Defendants turn over the records. Had Defendants produced these records to Relator voluntarily, this case would have been over long ago.

Defendants' filing earlier today next contends that "[n]ow, twenty-eight months after Defendants reached a settlement with the Government, Defendants and the Government are again prevented from moving forward with the settlement due to frivolous objections raised by Relator." ECF No. 75, at 3. This is false because it suggests that Relator is a necessary party to the proposed

8

settlements, when in fact he is not. And Defendants know that full well: the proposed settlement agreements that were carefully negotiated between the United States and Defendants Rall and Richards – and which are attached as exhibits to the motion to approve – do not even include Relator as a party or signatory. ECF No. 49.

Relator respectfully suggests that the only thing preventing Defendants from executing the proposed settlements they reached with the government two years ago is their apparent unwillingness to pick up a pen and sign the agreements. In addition to putting this issue to bed without further Court involvement, the execution of the proposed settlements will ripen Relator's right to seek attorney's fees.

### Status of the Relator's Petition for Attorney's Fees

In their filing earlier today, Defendants again overstepped by claiming that Relator agreed to not pursue fees for predecessor counsel:

> Finally, Relator's unreasonable position on attorneys' fees – including seeking fees Defendants were previously told he would not seek and seeking fees for his more than two-year delay of the settlement – continues to prevent Defendants from obtaining resolution of this matter.

ECF No. 75, at 3. This suggests that Relator reached an agreement with Defendants to not seek said fees, and has since has gone back on that promise to the legal detriment of Defendants. No such thing occurred.

Some brief background is necessary. In or about May 2015, Relator was seeking Defendants' voluntary production of the financial records discussed herein. In connection with those discussions, and in an effort to reach a quick (and efficient) settlement, Relator indicated that he was not, at that time, seeking fees for predecessor counsel. No agreement was made on this (or any other) issue, and Relator specifically advised Defendants that if the issue of fees subsequently became a matter of contention, Relator would revisit seeking fees for predecessor counsel.

9

And unfortunately, that is exactly what happened. Relator and Defendants could not reach agreement on virtually any issue, including attorney's fees. Therefore, as promised, Relator revisited whether to seek fees for predecessor counsel, and has elected to do so, as is his legal right.

**Conclusion**

Defendants, now convicted felons as a result of Relator's allegations,[2] apparently believe that the best defense is a good offense. Seeking to capitalize on the age of this case and the Court's reputation for dealing with matters swiftly, Defendants seek to portray Relator as the cause of the delays at issue here. The truth is that Defendants' conduct led this case to be filed, and Defendants' conduct is what has precipitated the vast majority of the delays at hand. Further, it is Relator and the government who are harmed by the delays, not Defendants. To wit: despite being criminally convicted of fraud in connection with the scheme alleged in this lawsuit, Defendants have yet to pay a dime to the government, or to Relator, for their fraud.

Dated: September 26, 2017   Respectfully submitted,

*/s/ Finley D. Gibbs*
Finley D. Gibbs
Rotts & Gibbs, LLC
1001 E. Walnut Street
P.O. Box 7385
Columbia, MO 65205
(573) 443-3463
(573) 443-7099 (fax)
Email: finleyg@rottsgibbs.com

Local Counsel for Relator

---

[2] On July 19, 2017, both Rall and Richards pled guilty to felony healthcare fraud pursuant to the scheme which led to the civil settlements at issue here. As summarized by the government's press release, "[b]y pleading guilty, Rall and Richards each admitted that he signed interpretations of exams performed by residents at the hospital without actually viewing the images." https://www.justice.gov/usao-wdmo/pr/two-university-missouri-physicians-plead-guilty-health-care-fraud

*/s/ Daniel R. Miller*
Daniel R. Miller
(PA Bar No. 68141; DE Bar No. 3169)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
dmiller@bm.net

Counsel for Relator

## **CERTIFICATE OF SERVICE**

I hereby certify on September 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Finley D. Gibbs*
Finley D. Gibbs
